UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALICE E., | |
| Plaintiff, | Case No. C20-0672-SKV |
| v. | ORDER REVERSING THE COMMISSIONER'S DECISION |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Plaintiff seeks review of the denial of her application for Supplemental Security Income (SSI). Having considered the Administrative Law Judge's decision, the administrative record (AR), and all memoranda of record, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff was born in 1986, graduated from college, and her previous jobs include sales clerk, cashier, sales attendant, and taxi driver. AR 23, 41-50. Plaintiff was last gainfully employed in 2015. *Id.* at 41-44, 443.

In November 2016, Plaintiff applied for SSI, alleging disability as of January 1, 2003. AR 399-414. Plaintiff's application was denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 196-209, 214-16, 219-21. After the Administrative Law Judge (ALJ) conducted a hearing in August 2017 (*id.* at 32-78), the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 177-86.

The Appeals Council granted review, and remanded the case for further proceedings. AR 193-94. The ALJ held hearings in July and October 2019 (*id.* at 79-124) and subsequently entered another decision finding Plaintiff not disabled. *Id.* at 15-25. The Appeals Council denied review (*id.* at 1-6) and Plaintiff appealed for judicial review.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one**: Plaintiff has not engaged in substantial gainful activity since November 23, 2016.

**Step two**: Plaintiff has the following severe impairments: major depressive disorder, bipolar disorder, cyclothymic disorder, anxiety disorder, personality disorder, polysubstance abuse, and post-traumatic stress disorder.

**Step three**: These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity ("RFC")**: Plaintiff can perform work at all exertional levels, with the following nonexertional limitations: she can have superficial and occasional contact with the general public. She can have superficial and occasional contact with co-workers. There should be no coordination of work activity with co-workers. She can interact occasionally with supervisors. She is capable of working in a quota situation so long as the quotas are not hourly, but daily quotas are acceptable. She can perform routine tasks. She must avoid changes in location during employment.

**Step four**: Plaintiff cannot perform her past relevant work.

**Step five**: There are other jobs that exist in significant numbers in the national economy that Plaintiff can perform, and she is therefore not disabled.

---

[1] 20 C.F.R. § 404.1520.
[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.

AR 15-25.

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 1-6. Plaintiff appealed the final decision of the Commissioner to this Court. Dkt. 4.

## LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id.*

Substantial evidence is "more than a mere scintilla. It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

//

**DISCUSSION**

Plaintiff argues that the ALJ erred in (1) excluding sensory hypersensitivity disorder and intermittent explosive disorder (hereinafter referenced collectively as "the omitted conditions") as severe impairments at step two, (2) assessing certain medical opinion evidence, and (3) failing to include Plaintiff's need for a cane in the RFC assessment.[3] The Commissioner argues the ALJ's decision is free of harmful legal error, supported by substantial evidence, and should be affirmed.

**A.    The ALJ Did Not Harmfully Err at Step Two**

At step two, claimants must make a threshold showing that their medically determinable impairments significantly limit their ability to perform basic work activities.  *See Bowen v. Yuckert*, 482 U.S. 137, 145 (1987); 20 C.F.R. §§ 404.1520(c), 416.920(c).  "Basic work activities" refers to "the abilities and aptitudes necessary to do most jobs."  20 C.F.R. §§ 404.1522(b), 416.922(b).  "An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal effect on an individual's ability to work.'" *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (quoting Social Security Ruling 85-28).  "[T]he step two inquiry is a de minimis screening device to dispose of groundless claims."  *Smolen*, 80 F.3d at 1290.  An ALJ is also required to consider the "combined effect" of an individual's impairments in considering severity.  *Id*.  A diagnosis alone is not sufficient to establish a severe impairment.  Instead, claimants must show that their medically determinable impairments are severe.  20 C.F.R. §§ 404.1521, 416.921.

---

[3] Plaintiff's opening brief also addresses issues related to the other assignments of error in her challenge to the RFC assessment (Dkt. 22 at 16-17), but those arguments are accounted for in the other sections of this order, *infra*, rather than in the discussion of the third assignment of error.

In this case, the ALJ did not include or mention the omitted conditions in the step-two discussion. *See* AR 17-18. The record contains evidence that Plaintiff had been diagnosed with the omitted conditions (*see, e.g.*, *id.* at 608, 640, 988, 1037, 1122, 1411, 1657), but Plaintiff has not pointed to any evidence indicating that the omitted conditions resulted in a workplace limitation not included in the ALJ's RFC assessment. To the extent that Plaintiff points to her own subjective complaints to suggest that the omitted conditions cause various limitations that were not included in the RFC assessment (Dkt. 22 at 4-6), Plaintiff fails to acknowledge that the ALJ discounted her subjective complaints (AR 20-22) and Plaintiff has not assigned error to those findings. *See* Dkt. 25 at 5 (Commissioner's response brief noting that the ALJ's assessment of Plaintiff's subjective symptom testimony was not challenged in Plaintiff's opening brief).

Under these circumstances, the Court finds that Plaintiff has failed to meet her burden to show harmful error in the ALJ's step-two findings. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007) (finding harmless any step-two error in failing to list an impairment because the ALJ considered the limitations caused by that impairment at a later step in the decision).

### B.      The ALJ Erred in Assessing the Medical Opinion Evidence

Plaintiff challenges the ALJ's assessment of certain medical opinions, each of which the Court will address in turn.

#### 1.      *Legal Standards*

In general, more weight should be given to the opinion of a treating doctor than to a non-treating doctor, and more weight to the opinion of an examining doctor than to a non-examining

doctor. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996).[4] Where not contradicted by another doctor, a treating or examining doctor's opinion may be rejected only for "'clear and convincing'" reasons. *Id*. (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a treating or examining doctor's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Lester*, 81 F.3d at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

### 2. *James Czysz, Psy.D.*

Dr. Czysz examined Plaintiff in August 2018 and completed a DSHS form opinion describing her symptoms and limitations. AR 1162-66. He concluded that Plaintiff "will likely not be employable in a competitive marketplace in the near term, if at all." *Id*. at 1165.

The ALJ gave little weight to this opinion for several reasons. AR 23. First, the ALJ noted that Dr. Czysz did not access to any of Plaintiff's records when rendering his opinion. *Id*. The ALJ also noted that Dr. Czysz's mental status examination revealed some impaired concentration, Plaintiff was fully oriented and had normal memory and fund of knowledge. *Id*. The ALJ thus found the disabling limitations described by Dr. Czysz to be unsupported by his examination findings and "inconsistent with the largely normal mental status examinations in the record." *Id*.

It is true that Dr. Czysz did not have the benefit of reviewing Plaintiff's records (AR 1162), but the ALJ did not point to any records that contradict the disabling social and adaptive limitations described by Dr. Czysz. The normal findings referenced by the ALJ (*id*. at 23) would be arguably inconsistent with cognitive limitations, but Dr. Czysz did not indicate that Plaintiff

---

[4] Because Plaintiff applied for benefits before March 27, 2017, the regulations set forth in 20 C.F.R. § 404.1527 apply to the ALJ's consideration of medical opinions.

had cognitive limitations. *Id.* at 1164. Because the ALJ did not provide reasons to discount the specific limitations identified by Dr. Czysz, the Court finds that the ALJ's reasoning was not legally sufficient and Dr. Czysz's opinion must be reconsidered on remand.[5]

### 3. The Non-Examining Providers[6]

The State agency psychological consultants opined that Plaintiff was limited to simple, short, repetitive tasks with no public contact. AR 156-57, 170-71. The ALJ purported to give great weight to these opinions (*id.* at 22), yet only limited Plaintiff to routine work with occasional superficial public contact. *Id.* at 19. The Commissioner concedes that the ALJ erred with respect to the State agency opinions and argues that the error is harmless in light of the step-five findings (Dkt. 25 at 9), but because this case must be remanded for reconsideration of Dr. Czysz's opinion and the step-five findings may be altered as a result on remand, the ALJ should also reconsider the State agency opinions on remand.

## C. The ALJ Did Not Err in Finding Plaintiff Does Not Require a Cane

An ALJ's RFC assessment describes the most a claimant can do despite his or her limitations, and is assessed based on all relevant evidence in the record. 20 C.F.R. § 416.945(a)(1). An RFC assessment must include all of the claimant's functional limitations

---

[5] Although Plaintiff requests, in the alternative, a remand for a finding of disability (Dkt. 22 at 18), Plaintiff makes no attempt to show that this extraordinary remedy would be appropriate here. *See Leon v. Berryhill*, 880 F.3d 1044, 1045 (9th Cir. 2017) ("An automatic award of benefits in a disability benefits case is a rare and prophylactic exception to the well-established ordinary remand rule."). Thus, the Court orders that this case be remanded for further administrative proceedings.

[6] Plaintiff also identifies inconsistencies between the State agency opinions and the medical expert's testimony. Dkt. 22 at 13. Plaintiff has failed to show that the ALJ's RFC assessment is inconsistent with the medical expert's testimony, however, and thus has not shown that the ALJ erred in failing to fully account for that credited testimony. To whatever extent necessary, however, the ALJ may reconsider the medical expert's testimony in light of the updated record on remand.

supported by the record.  *See Valentine v. Comm'r of Social Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009).

Plaintiff argues that the ALJ erred in failing to account for her need for a cane in the RFC assessment, noting that a cane was prescribed by Plaintiff's primary care provider in March 2018 and that records documented her continued use of a cane throughout the adjudicated period.  Dkt. 22 at 14 (citing AR 1185, 1223, 1585, 1646, 1693, 1840).  In response, the Commissioner emphasizes that the ALJ found that Plaintiff has no severe medically determinable physical impairments at step two (AR 17-18), and that Plaintiff did not assign error to that finding.  Dkt. 25 at 10.

The Commissioner's argument accurately describes the ALJ's decision and Plaintiff's assignments of error.  Because an ALJ's RFC assessment must account for limitations resulting from medically determinable impairments (20 C.F.R. § 416.945(e)), and Plaintiff has not shown that her need for a cane is related to a medically determinable impairment, she has not shown that the ALJ erred in failing to include a cane requirement in the RFC assessment.  For these reasons, the Court rejects this assignment of error.

<u>CONCLUSION</u>

For the reasons set forth above, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42

///
///
///

U.S.C. § 405(g). On remand, the ALJ should reconsider Dr. Czysz's opinion and the State

agency opinions, and any other part of the decision as necessary.

Dated this 18th day of May, 2021.


S. KATE VAUGHAN
United States Magistrate Judge